NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

FEB 26 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ABEL VICTOR GRACIAN, | No.   18-70734 |
| Petitioner, | Agency No. A038-817-333 |
| v. | |
| WILLIAM P. BARR, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 19, 2019**

Before:     FERNANDEZ, SILVERMAN, and WATFORD, Circuit Judges.

Abel Victor Gracian, a native and citizen of Mexico, petitions for review of

the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an

immigration judge's ("IJ") decision finding him ineligible for withholding of

removal and denying relief under the Convention Against Torture ("CAT").  We

have jurisdiction under 8 U.S.C. § 1252.  We review for abuse of discretion the

---

\*        This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*        The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

agency's particularly serious crime determination and review for substantial evidence the denial of CAT relief. *Konou v. Holder*, 750 F.3d 1120, 1124, 1127 (9th Cir. 2014). We deny in part and dismiss in part the petition for review.

The agency did not abuse its discretion in determining that Gracian's convictions under California Health and Safety Code §§ 11378 and 11379(a) were particularly serious crimes that rendered him ineligible for withholding of removal, where the IJ cited to and applied the correct legal analysis to appropriate record evidence. *See* 8 U.S.C. § 1231(b)(3)(B)(ii); *see also Konou*, 750 F.3d at 1126-27 (listing factors to consider in determining whether a crime is particularly serious and finding no abuse of discretion in the particularly serious crime determination). To the extent Gracian asks the court to review the agency's weighing of those factors, we lack jurisdiction to do so. *See Avendano-Hernandez v. Lynch*, 800 F.3d 1072, 1077 (9th Cir. 2015) (the court may not reweigh the evidence and reach its own conclusion in review of the agency's particularly serious crime determination). We do not address Gracian's contentions as to the merits of his withholding of removal claim because the agency did not deny relief on those grounds. *See Santiago-Rodriguez v. Holder*, 657 F.3d 820, 829 (9th Cir. 2011) ("In reviewing the decision of the BIA, we consider only the grounds relied upon by that agency.") (citation and internal quotation marks omitted).

Substantial evidence supports the agency's denial of deferral of removal

under CAT because Gracian failed to show that it is more likely than not that he would be tortured by or with the acquiescence of the government of Mexico. *See Aden v. Holder*, 589 F.3d 1040, 1047 (9th Cir. 2009).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**